IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR KEENAN LEMMONS, JR., | ) |
| Plaintiff | ) Case No. 1:19-cv-00185 (Erie) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| THE COUNTY OF ERIE PENNSYLVANIA, KATHY DAHLKEMPER, County Executive, JACK DANERI, District Attorney, JEREMY LIGHTNER, Assistant District Attorney | ) UNITED STATES MAGISTRATE JUDGE |
| | ) MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS |
| Defendants | ) ECF NO. 32 |

Plaintiff Victor Keenan Lemmons Jr., (Lemmons) has filed a civil rights lawsuit, pro se, against Erie County, Pennsylvania, its County Executive, Kathy Dahlkemper, the Erie County District Attorney, Jack Daneri, and Assistant District Attorney Jeremy Lightner (Defendants). The Defendants move to dismiss Lemmons' Amended Complaint. For the reasons that follow, the Defendants' motion will be GRANTED and Lemmons' Amended Complaint will be DISMISSED.[1]

I.    Introduction

Lemmons , a prisoner currently incarcerated in the Erie County Prison, began this civil rights action on July 2, 2019, by filing a motion for *in forma pauperis* status. ECF No. 1. That motion was granted on August 6, 2019, and his Complaint was docketed the same day. ECF Nos. 3, 4. On November 14, 2019, Lemmons filed an Amended Complaint. ECF No. 26. That is the operative complaint in this litigation.[2] Lemmons' Amended Complaint asserts claims under 42 U.S.C. §1983

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. *See* ECF Nos. 5, 18.

[2] The Defendants moved to strike the Amended Complaint. ECF No. 28. They argued that because more than twenty-one days elapsed after service of a motion under Rule 12(b), Lemmons needed the opposing party's consent or leave of Court to amend but he failed to request either. *Id.* (citing Fed. R. Civ. P. 15). The Court denied the motion. Lemmons certified that he caused the Amended Complaint to be served upon defense counsel on November 6, 2019. This would

1

for violations of his rights under the Fourth and Eighth Amendments to the Constitution as well as claims under Pennsylvania state law.  *See* ECF No. 26, pp. 5-7.  The Defendants have moved to dismiss all claims on multiple grounds.  ECF No. 32.  Lemmons has filed a Response in Opposition to the motion.  ECF No. 35.  The Defendants replied (ECF No. 38), to which Lemmons filed a Sur Reply Brief (ECF No. 40).  Thus, this matter is now ready for disposition.

II.     Legal Standards

   A.     Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether a plaintiff is likely to prevail on the merits; instead, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009).  A complaint should only be dismissed under Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).  In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

---

be the date on which the Amended Complaint would be considered filed.  *See Houston v. Lack*, 487 U.S. 266,275 (1988) (applying the "mailbox rule" and accepting the date that the prisoner delivers his legal filing to prison authorities for mailing as the date of court filing); *Gilliam v. Holt*, 2008 WL 906479, at *6 (M.D. Pa. Mar. 31, 2008)(same).  Thus, the Court assumed that date as the date of service and concluded that Lemmons filed his Amended Complaint twenty-three days after service of Defendants' motion. ECF No. 31, p. 2.  The Court considers the two-day delay beyond the twenty-one-day period specified in Rule 15 to be *de minimis*.  Further, given Lemmons' status as an incarcerated pro se litigant and Rule 15's admonition that "[t]he court should freely give leave when justice so requires," the Court denied the motion.  *Id.* at 3.  Defendants renewed their previously filed motion to dismiss a few days later.  *See* ECF No. 32.

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

B.   Pro Se Pleadings

For purposes of a motion to dismiss, a court must employ less stringent standards in considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*,

404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Despite this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Finally, the United States Court of Appeals for the Third Circuit, in *Phillips v. County of Allegheny*, has ruled that if a District Court is dismissing a claim under Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must sua sponte "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

With these standards in mind, the Court now turns to a review of Lemmons' claims against the Defendants.

III.    The Complaint

Lemmons was charged in Pennsylvania state court with multiple offenses including theft, forgery, possession of marijuana and passing bad checks. ECF No. 26, ¶ 9. Bond was set at $100,000.00. *Id.* ¶ 11. Lemmons posted bond and was released from the Erie County Prison in March of 2018. *Id.* ¶ 12. In October of 2018, the Commonwealth moved to revoke Lemmons' bond. *Id.* ¶ 15. Bond was revoked and a bench warrant was issued for his arrest. *Id.* ¶¶ 16-17. Lemmons was arrested on that warrant in Gloucester County, New Jersey in December of 2018. *Id.*

¶ 17.  He was sent back to Erie County where remains incarcerated at the Erie County Prison.  *Id.* ¶ 18.

Lemmons' bond was revoked in March of 2019.  *Id.* ¶ 19.  Counsel sought to have Lemmons' bond reinstated, since Lemmons' New Jersey charges had been dismissed, but the Erie County Court of Common Pleas denied this request.  *Id.* ¶ 21-23.  Lemmons claims that, as result of this failure to reinstate his bond, he was unconstitutionally re-arrested *Id.* ¶¶ 25-26.  His Complaint does not separately list counts or claims, but sets out these accusations in list form:

- ➢ Defendant Lightner's "aggressive, persistent , habitual, and harassing rebuttal to have Plaintiff's bail to continue to remain revoked" violates Lemmons' rights under the Fourth and Eighth Amendment to the Constitution.  *Id.* ¶¶ 29-31.
- ➢ Defendant Lightner's "harassing actions and pandering of Plaintiff via, the Court, until his bond remained revoked ensued that he was pleased with evinces a collusion by the afore-mentioned Defendant to deprive Plaintiff of his constitutional protected rights constituting a civil conspiracy.  *Id.* ¶ 32.
- ➢ Defendant Erie County, "via County Executive Dahlkemper's and 'DA' Daneri's failure to properly train and closely monitor the illicit conduct of ADA Lightner violated Plaintiff's rights constituting deliberate indifference to Plaintiff's Fourth and Eighth Amendments (sic) constitutionally protected rights and the Supreme Court's holding in *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).  *Id.* ¶ 33.

Lemmons claims that collectively, the Defendants' actions have caused him "mental pain, anguish, and suffering as well as emotion pain, distress, and trauma."  *Id.* ¶ 35.  The Complaint seeks both injunctive and monetary damages.  *Id.* ¶¶ 37-39.

IV. Discussion

    A.     The Complaint fails to state a claim against Erie County, and Defendants Dahlkemper and Daneri.

Lemmons' Amended Complaint names Erie County Executive Kathy Dahlkemper as a defendant here but does not allege any facts to support that she engaged in any actionable conduct or was personally involved in any matters or decisions relating to the criminal prosecution against him. Instead, his claim against Dahlkemper appears to depend solely on her position as County Executive.[3] Lemmons' reliance on Dahlkemper's position without allegations of her personal involvement is insufficient as a matter of law. *See, e.g.*, *Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims under Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation). For these reasons, Lemmons' claim against Dahlkemper will be dismissed.

Lemmons' claim against District Attorney Daneri is subject to dismissal for similar reasons. Lemmons asserts generally that Daneri failed to properly train and supervise Defendant Lightner. *See* ECF No. 4, ¶ 33. A failure to train claim requires a plaintiff to identify specific training not provided that could reasonably be expected to prevent the injury that occurred. *Joines v. Twp. of Ridley*, 229 Fed. Appx. 161 (3d Cir. 2007). Moreover, when relying on a failure to train employees, a

---

[3] As purported proof of this claim against Dahlkemper (and Daneri, as well), Lemmons cites the docket numbers for two criminal prosecutions in state court: "Pennsylvania Criminal Docket Nos. (1572-2018, 1573-2018, and 2265-2018 Cases Jasmine N. Carter and Richard E. Weber)." ECF No. 26, ¶ 27. He also cites a newspaper article which he says he attached as "Exhibit A." *See id.* But although Lemmons attached this exhibit to the initial complaint, he failed to do so to the Amended Complaint. Thus, the newspaper article to which he refers is not an exhibit of record. *See, e.g.*, *Wilson v. Martone*, 2012 WL 715319, at *5 (D.N.J. Mar. 5, 2012) ("When a person files an amended complaint, it replaces all prior versions of the complaint, and the original complaint no longer performs any function in the case."). Therefore, the Court cannot consider the absent exhibit. More importantly, the fact that the Commonwealth sought and obtained bond revocation or modification in this or other matters, standing alone, is not support for a claim against Dahlkemper or Daneri. As to the criminal case citations, they are just that-citations to criminal prosecutions. They provide no evidence of the County Executive's involvement in his criminal prosecution. And in one of the cases Lemmons cites, this Court found no liability on the part of the County Executive, the District Attorney, or ADA Lightner for claims like those raised here. *See Weber v. Erie County*, 2019 WL 5746204 (W.D. Pa. Nov. 5, 2019).

plaintiff must show that the failure amounts to deliberate indifference to the rights of persons with whom the employees will come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed.2d 412 (1989). Regarding supervisory liability, two theories have been recognized: where supervisors have "'established and maintained a policy, practice or custom which directly caused [the] constitutional harm,'" and where "they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations'." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n. 5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

Lemmons' allegations against Daneri cannot support any of the foregoing theories of liability. Beyond his conclusory assertions of "failure to train and supervise," Lemmons' Complaint alleges no facts against Daneri, and his conclusory allegations are entitled to no weight in deciding a motion to dismiss. *Santiago*, 629 F.3d at 131 ("*Iqbal*, 129 S. Ct. at 1949, directs that the Court disregard "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."). Again, Lemmons bases his claim against Daneri essentially upon his status as District Attorney. This status alone will not support a claim against him. *See Monell*, 436 U.S. at 691 (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Further, to the extent Lemmons may allege that Daneri engaged in conduct relating to Lemmons' bond amount or bond conditions, Daneri would enjoy the same prosecutorial immunity as his assistant district attorneys. *Whitfield v. City of Philadelphia*, 587 F. Supp. 2d 657, 667 (E.D. Pa. 2008). Finally, and fundamentally, prosecutorial immunity shields a district attorney from claims based on alleged failures to train and supervise subordinates where the alleged failures concern prosecutorial functions. *Id.* This is the case here. Accordingly, the claim against Daneri will be dismissed.

Lemmons asserts a *Monell* claim against Erie County based on County Executive Dahlkemper and District Attorney Daneri's alleged failure to train and supervise the conduct of ADA Lightner. A county cannot be held liable for its employees' alleged misconduct based on respondeat superior. *Monell*, 436 U.S. at 694-95; *Panas v. City of Philadelphia*, 871 F. Supp. 2d 370, 377-78 (E.D. Pa. May 14, 2012). Rather, the "government itself, through its policies or practices, must be sufficiently culpable before" a court imposes § 1983 liability. *Id.* Such culpability exists only "when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)). The Supreme Court has recognized that a local government's "culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Moreover, merely alleging the existence of a policy, practice, or custom is not enough. The plaintiff in a § 1983 action must show an "affirmative link" between the occurrence of alleged misconduct and the municipality's policy, custom, or practice. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Thus, consistent with *Monell*, to impose liability on a local governmental entity for failing to act to preserve constitutional rights, a § 1983 plaintiff must establish not only that he was deprived of a constitutional right, but that: (1) the municipality had a policy; (2) the policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (3) the policy was the "moving force behind the constitutional violation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989). Lemmons has not alleged facts to support any of these elements. Accordingly, his claim against the County of Erie must be dismissed.

  B.  The Complaint Fails to State any Claim against Defendant Lightner.

Defendants argue that the assistant district attorney named as a defendant in this action, ADA Lightner, is shielded from suit by absolute prosecutorial immunity. *See, e.g.*, ECF No. 33, p. 9.

The doctrine of absolute immunity protects prosecutors from liability related to their official acts. *Imbler v. Pachtman*, 424 U.S. 409, 417–20 (1976). "More than a mere defense to liability, prosecutorial immunity embodies the right not to stand trial, and is properly raised in a Rule 12(b)(6) motion to dismiss." *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (internal quotations and citations omitted). Under this doctrine, a prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." *Imbler*, 424 U.S. at 410. "Ultimately, whether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris v. Cnty. of Del.*, 465 F.3d 129, 136 (3d Cir. 2006) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993)).

ADA Lightner is protected by the doctrine of absolute prosecutorial immunity in this case. Lemmons' claims relate solely to the actions taken by Lightner during the bond modification proceedings, which courts have held constitute acts within the scope of a prosecutor's duties of beginning and pursuing a criminal prosecution. *See Thomas v. Stanek*, 2015 WL 757574, at *10 (W.D. Pa. Feb. 23, 2015) (finding the doctrine applies because "[w]henever [the prosecutor] objected to Plaintiff being freed on bond, he was acting as an advocate for the Commonwealth and, thus, his decision is protected by absolute immunity."). *See also Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) ("advocating a particular level of bail" is covered by absolute immunity); *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (same); *Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir. 1983) (same); *Burns v. County of King*, 883 F.2d 819, 823–24 (9th Cir. 1989) (same). Lightner is therefore immune from liability arising out of actions he took in connection with the modification and revocation of Lemmons' bond.

Lemmons also alleges Lightner engaged in a civil conspiracy to deprive him of his constitutional rights. ECF No. 26, ¶ 32. The claim stems from Lightner's advocacy of bond

9

positions in his role as assistant district attorneys. Thus, Lightner's actions are shielded by absolute prosecutorial immunity regardless of the label Lemmons attaches to his claim. *See Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) ("fact that such a conspiracy is certainly not something that is properly within the role of a prosecutor is immaterial, because '[t]he immunity attaches to his function, not to the manner in which he performed it' ") (citations omitted); *Patterson v. City of Philadelphia*, 2009 WL 1259968, at *9 (E.D. Pa. May 1, 2009) ("The doctrine of absolute prosecutorial immunity precludes conspiracy-based claims as well.") (collecting cases); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 552 (M.D. Pa. 2007) (prosecutorial immunity "doctrine similarly protects ADA Tonkin from suit by the plaintiff for conspiracy under Section 1985(3)").

Even if the Court were to assume that an assertion of "conspiracy" could remove the alleged conduct of ADA Lightner from prosecutorial immunity, Lemmons' claim would still fail. To state a claim of civil conspiracy, a plaintiff must present "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Further, a plaintiff "must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Id.* at 179 (quoting *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989)); *see also Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (stating that a conspiracy requires a meeting of the minds). Conclusory allegations are not entitled to the presumption of truth that ordinarily is applied during a court's Rule 12(b)(6) review of a complaint. *McTernan*, 577 F.3d at 531.

Here, Lemmons has failed to plead facts from which an inference of a conspiracy may be drawn. The Complaint lacks any factual allegations about the time, place, or specific object(s) of the alleged conspiracy. Such facts are needed for a claim of conspiracy to survive a motion to dismiss.

*See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[s]uch allegations ... must be made with appropriate particularity in that [they] must allege the particulars of conduct, time, place, and person responsible."); *see, e.g.*, *Ulrich v. Corbett*, 614 Fed. Appx. 572, 574–75 (3d Cir. 2015) (upholding dismissal of a section 1983 complaint alleging conspiracy because "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.") (citing *Twombly*, 550 U.S. at 557). Instead, Lemmons has asserted only conclusory allegations of collusion, which warrant no presumption of truth. *McTernan*, 577 F.3d at 531. Lemmons has therefore failed to state a claim of civil conspiracy. This claim will be dismissed.

Finally, at paragraph 36 of the Amended Complaint, Lemmons tries to raise a vindictive prosecution claim against ADA Lightner. Lemmons contends ADA Lightner "petition[ed] the federal prosecutors to take jurisdiction and to proceed with federal charges to usurp time limitations and specifically the act itself of transferring state criminal proceedings to federal criminal proceedings." ECF No. 26, ¶ 36. Lemmons complains that transferring his case from state to federal court violated his Fifth Amendment due process rights. *Id*. *See also United States v. Lemmons*, Western District of Pennsylvania Case No. 19-cr-0025. This claim likewise fails. "A vindictive prosecution claim arises when the government pursues prosecution in retaliation for the exercise of a protected statutory or constitutional right." *United States v. Crowder*, 2019 WL 2296588, at *3 (M.D. Pa. May 30, 2019) (quoting *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003). "Filing a criminal charge is at the core of the activities protected by prosecutorial immunity." *Imbler*, 424 U.S. at 427. The rationale behind this immunity extends to a state prosecutor's decision to refer a case to federal prosecutors. *Davis v. Giraudo*, 2018 WL 4643034, at *1 (C.D. Ill. Sept. 27, 2018) (citing *Van*

*de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009)).  Thus, Lemmons' claim of vindictive prosecution fails.[4]

V.     Leave to Amend

The Court of Appeals for the Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  This instruction is equally applicable to pro se litigants and those represented by counsel.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

In this case, the prosecutorial immunity that shields Daneri and Lightner renders any amendment against them futile.  Lemmons' claims against these individuals arise squarely from their engagement in their prosecutorial functions.  Accordingly, the claims against these Defendants are dismissed with prejudice.

It is also highly dubious whether Lemmons can allege facts to support a claim against County Executive Dahlkemper.  Construing his claim against Dahlkemper as alleging an unconstitutional bond revocation claim, Lemmons must establish that (1) bail was excessive in light of the valid state interests sought to be protected, and (2) the defendant actually and proximately caused bail to be excessive.  *See McKnight v. Taylor*, 2012 WL 5880331, at *7 (D.N.J. Nov. 20, 2012) (emphasis supplied) (dismissing excessive claim for failure to allege that bail was constitutionally

---

[4] Lemmons' Amended Complaint also appears to allege intentional infliction of emotion distress under state law against all Defendants. ECF No. 26, ¶ 34. A District Court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c). *Whitenight v. Elbel*, 2019 WL 6828653, at *10 (W.D. Pa. Dec. 13, 2019). The Court of Appeals for the Third Circuit has recognized, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis in original). No such considerations support this Court continuing to exercise supplemental jurisdiction in this case. Thus, this Court will not exercise supplemental jurisdiction over Lemmons' state law claim. *See, e.g., Pinkney v. Meadville, Pennsylvania*, 2020 WL 1667241, at *15 (W.D. Pa. Apr. 3, 2020), *vacated in part*, 2020 WL 1984721 (W.D. Pa. Apr. 27, 2020).

excessive or that defendants caused it to be so); *Moore v. Carteret Police Dep't*, 2013 WL 5554411, at *8 (D.N.J. Sept. 20, 2013) (same).  The second element of the claim is particularly difficult to sustain in a state such as Pennsylvania where the setting of bond is within the sole province of the judicial authority.  *See Lutz v. Lavelle*, 809 F. Supp. 323, 327 (M.D. Pa. 1991).  While it is difficult to conceive of facts Lemmons could allege against Dahlkemper to satisfy the type of personal involvement necessary to state an excessive bail claim against her, the Court cannot say that such a claim is a legal impossibility.  Therefore, the claim against Dahlkemper is dismissed without prejudice.  Lemmons is reminded, however, that any amendment he might file against Dahlkemper or any other Defendant is subject to the requirement of Rule 11 of the Federal Rules of Civil Procedure.

Finally, while Daneri and his assistants are protected by prosecutorial immunity, this protection does not extend to the County of Erie and, because the deficiencies of Lemmons' *Monell* claim against the County involve a lack of factual allegations to support elements of the claim, the Court cannot say as a matter of law that amendment is futile as to this claim.  Accordingly, dismissal of the claim against the County is without prejudice.  Lemmons is also reminded that an amended complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018

VI. Conclusion

Given the foregoing, the Defendants' Motion to Dismiss (ECF No. 32) is GRANTED as follows:

1. The claims against Erie County will be DISMISSED, without prejudice;
2. The claims against Erie County Executive Dahlkemper will be DISMISSED, without prejudice;
3. The claims against District Attorney Daneri and Assistant District Attorney Lightner will be DISMISSED, with prejudice.

An ORDER follows.

## ORDER

Defendants' Motion to Dismiss [ECF No. 32] is **GRANTED**. Plaintiff's claims against Defendants Daneri and Lightner are dismissed with prejudice. Plaintiff's claims against Defendants Dahlkemper and the County of Erie are dismissed without prejudice. Lemmons is granted leave to file an amended complaint as to the latter two defendants within twenty (20) days of this Memorandum Opinion and Order. If no such amended complaint is filed, the claims against Dahlkemper and the County may be dismissed with prejudice.

So ORDERED this 17th day of July, 2020.

_____
RICHARD A. LANZILLO
United States Magistrate Judge