IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR KEENAN LEMMONS, JR., | )<br>) |
| Plaintiff | )<br>) Case No. 1:19-cv-00185 (Erie)<br>) |
| vs. | )<br>) |
| | ) RICHARD A. LANZILLO |
| THE COUNTY OF ERIE PENNSYLVANIA, KATHY DAHLKEMPER, County Executive, JACK DANERI, District Attorney, JEREMY LIGHTNER, Assistant District Attorney | ) UNITED STATES MAGISTRATE JUDGE<br>)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER ON DEFENDANTS' MOTION<br>) TO DISMISS<br>) |
| Defendants | ) ECF NO. 46<br>) |

Plaintiff Victor Keenan Lemmons Jr., (Lemmons) filed a civil rights lawsuit, *pro se*, against Erie County, Pennsylvania, its County Executive, Kathy Dahlkemper, the Erie County District Attorney, Jack Daneri, and Assistant District Attorney Jeremy Lightner. The Court dismissed Lemmons' claims against Defendants Daneri and Lightner. The remaining Defendants, Erie County and Dahlkemper, now move to dismiss Lemmons' Second Amended Complaint. For the reasons that follow, Defendants' motion will be GRANTED and Lemmons' Second Amended Complaint will be DISMISSED.[1]

I. Introduction

Lemmons, a prisoner currently incarcerated in the Erie County Prison, began this civil rights action on July 2, 2019, by filing a motion for *in forma pauperis* status. ECF No. 1. That motion was granted on August 6, 2019, and his Complaint was docketed the same day. ECF Nos. 3, 4. On November 14, 2019, Lemmons filed an Amended Complaint. ECF No. 26. Defendants moved to

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. ECF Nos. 5, 18.

1

dismiss the Amended Complaint. ECF No. 32. On July 17, 2020, upon consideration of the Motion to Dismiss, the Court dismissed the claims against Defendants Daneri and Lightner with prejudice and dismissed the claims against Defendants Dahlkemper and Erie County without prejudice and granted Lemmons leave to file an amended complaint as to the latter two defendants. ECF No. 43. Lemmons filed the operative Second Amended Complaint on July 17, 2020. ECF No. 44. The instant Motion to Dismiss has been fully briefed, ECF Nos. 47 and 49, and this matter is now ready for disposition.

II.     Legal Standards

    A.     Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether a plaintiff is likely to prevail on the merits; instead, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). A complaint should only be dismissed under Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.

A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

B. *Pro Se* Pleadings

For purposes of a motion to dismiss, a court must employ less stringent standards in considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a Section 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d

3

Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Despite this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Finally, the United States Court of Appeals for the Third Circuit, in *Phillips v. County of Allegheny*, has ruled that if a District Court is dismissing a claim under Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must sua sponte "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

III.   The Second Amended Complaint

In his Second Amended Complaint, Lemmons makes the following allegations. Lemmons was charged at two docket numbers in the Court of Common Pleas of Erie County, Pennsylvania with multiple offenses including theft, forgery, possession of marijuana and passing bad checks. ECF No. 44 ¶ 7. Bond was set at $20,000.00 at one docket number and at $100,000.00 at another docket number. *Id.* ¶ 8. Lemmons posted bond and was released from the Erie County Prison on March 7, 2018. *Id.* ¶ 9. On June 1, 2018, Lemmons had a preliminary hearing before Magisterial District Judge Lisa Ferrick. *Id.* ¶ 10. At the conclusion of the hearing, Judge Ferrick bound Lemmons over for the charges as amended at the hearing. *Id.* ¶ 11. On October 12, 2018, the Commonwealth moved to revoke Lemmons' bond. *Id.* ¶ 12. The Court of Common Pleas revoked the bond and issued a bench warrant for Lemmons' arrest. *Id.* ¶ 13. Lemmons was arrested on that warrant in Gloucester County, New Jersey on December 20, 2018. *Id.* ¶ 14. He was sent back to Erie County on January 4, 2019, where he remains incarcerated at the Erie County Prison. *Id.* ¶ 15.

In March of 2019, his counsel sought to have Lemmons' bond reinstated, because his New Jersey charges had been dismissed, but the Court of Common Pleas of Erie County declined to

reinstate the bond. *Id.* ¶¶ 16-18. Lemmons' counsel filed a motion for reconsideration of the order denying bond, but that motion was denied. *Id.* ¶¶ 19-20. Lemmons' continued incarceration without bond has caused him to substantial and irreparable financial, physical, personal, sentimental and emotional injuries and losses. *Id.* ¶ 23.

Erie County, via County Executive Dahlkemper, has "informally adopted and continues to maintain an unconstitutional custom," "in the area of 'excessively' setting and/or modifying the bails/bonds and keeping bails/bonds revoked/not reinstating of suspected individuals whom they come into contact with." *Id.* ¶ 24. In support of the foregoing, Lemmons offers two criminal docket citations, noting "the receiving of bail/bond revocation(s)/modification(s) and excessive bail in stark contrast to the law of Pennsylvania." *Id.*

IV.   Discussion

   A.   Dahlkemper

Lemmons claims that Dahlkemper failed "to train, supervise, monitor, and/or create an adequate program, schedule, and/or scheme that guides and/or closely monitors [her] subordinate officials and/or employees['] conduct in the setting and/or modifying (revoking) bail of individual suspects in criminal cases to ensure compliance to local, state, and federal laws result[ing] in [Lemmons] receiving an 'excessive bail/bond' in violation of Article 1 §§ 13 and 14 of the Pennsylvania Constitution, and Bail Reform Act of 1984, Eighth and Fourteenth Amendments of the United States Constitution." *Id.* ¶ 26.

This Court previously found that Lemmons' Amended Complaint did not allege any facts to support a finding Dahlkemper engaged in any actionable conduct or was personally involved in any matters or decisions relating to the criminal prosecution against Lemmons. Instead, this Court explained, Lemmons' claim against Dahlkemper, dependent solely on her position as County Executive, and relying on Dahlkemper's position without allegations of her personal involvement, was

5

insufficient as a matter of law to support a Section 1983 claim. ECF No. 43 at 6 (citing *Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims under Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation)).

This Court construed Lemmons' claim against Dahlkemper as an unconstitutional bond revocation claim, and explained that, in order to support such a claim, Lemmons must establish that (1) bail was excessive in light of the valid state interests sought to be protected, and (2) the defendant actually and proximately caused bail to be excessive. ECF No. 43 at 12 (citing *McKnight v. Taylor*, 2012 WL 5880331, at *7 (D.N.J. Nov. 20, 2012) (dismissing excessive claim for failure to allege that bail was constitutionally excessive or that defendants caused it to be so); *Moore v. Carteret Police Dep't*, 2013 WL 5554411, at *8 (D.N.J. Sept. 20, 2013) (same)).

In his Second Amended Complaint, Lemmons does not set forth any additional allegations concerning Dahlkemper's personal involvement in his bail. Thus, this claim against Dahlkemper will again be dismissed.

B. Erie County

Very much as he did in his Amended Complaint, in his Second Amended Complaint, Lemmons asserts a claim pursuant to *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), against Erie County based on County Executive Dahlkemper's and District Attorney Daneri's alleged "failure to train, supervise, monitor, and/or create an adequate program, schedule, and/or scheme that guides and/or closely monitors their subordinate officials and/or employees result[ing] in the violation of [Lemmons'] rights . . .." ECF No. 44 ¶ 27. As this Court explained in its Memorandum Opinion on Defendants' Motion to Dismiss the Amended Complaint:

> A county cannot be held liable for its employees' alleged misconduct based on respondeat superior. ECF No. 43 at 8 (citing *Monell*, 436 U.S. at 694-95; *Panas v. City of Philadelphia*, 871 F. Supp. 2d 370, 377-78 (E.D. Pa. May 14, 2012)). Rather, the "government itself, through its policies or practices, must be sufficiently culpable

6

> before" a court imposes § 1983 liability. *Id.* Such culpability exists only "when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)). The Supreme Court has recognized that a local government's "culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Moreover, merely alleging the existence of a policy, practice, or custom is not enough. The plaintiff in a § 1983 action must show an "affirmative link" between the occurrence of alleged misconduct and the municipality's policy, custom, or practice. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Thus, consistent with *Monell*, to impose liability on a local governmental entity for failing to act to preserve constitutional rights, a § 1983 plaintiff must establish not only that he was deprived of a constitutional right, but that: (1) the municipality had a policy; (2) the policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (3) the policy was the "moving force behind the constitutional violation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989).

ECF No. 43 at 8.

This Court found that Lemmons did not allege facts to support any of these elements in his Amended Complaint and accordingly dismissed his claim against Erie County. *Id.* In the Second Amended Complaint, he has not alleged any additional facts to support this claim. Thus, it is again dismissed.

V.     Leave to Amend

The Court of Appeals for the Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

This Court has already provided Lemmons with an opportunity to cure the deficiencies in his complaint. He has failed to do so. It would be inequitable and futile to permit further amendment. Accordingly, Lemmons' claims will be dismissed without leave to amend.

VI.     Conclusion

Given the foregoing, the Defendants' Motion to Dismiss (ECF No. 46) is GRANTED with prejudice.  An ORDER follows.

### ORDER

Defendants' Motion to Dismiss [ECF No. 46 is **GRANTED** with prejudice.  The case is dismissed.

So ORDERED this ____ day of September, 2020.

_____
RICHARD A. LANZILLO
United States Magistrate Judge